IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE WEITZMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 1228 |
| | ) | |
| MAYWOOD, MELROSE PARK, | ) | |
| BROADVIEW SCHOOL DISTRICT 89, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On February 14, 2013, plaintiff Diane Weitzman ("Weitzman") filed a single-count complaint ("Complaint") (Dkt. No. 1 ("Compl.")) against defendants Maywood, Illinois ("Maywood"), Melrose Park, Illinois ("Melrose Park"), and Broadview School District 89 ("District 89") (collectively, "Defendants"), alleging Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA") by discriminating against Weitzman on the basis of her age. Specifically, Weitzman's Complaint alleges that her age was the motivating factor in Defendants' decision not to renew her contract to serve as the principal at Lincoln Elementary School. (Compl. ¶¶ 10-12, 17.)

Before the court is Weitzman's motion for sanctions for spoliation of evidence. (Dkt. No. 37.) Weitzman seeks an inference that recordings from District 89 board meetings, which District 89 destroyed, contained information adverse to District 89 in this case. (*Id*. at 6.) For the reasons explained below, Weitzman's motion is granted.

1

BACKGROUND

Weitzman, who is now 67 years old, began working for District 89 in 1991. (Compl. ¶ 5.) From 2004 to February 2012, Weitzman served as the principal at Lincoln Elementary School in District 89. In February 2012, District 89 informed all of its principals, including Weitzman, that it would not renew their contracts. Instead, as part of a larger restructuring of the school district, District 89's principals would have to reapply for their positions. (*Id.* ¶ 8.) On June 29, 2012, District 89 declined to rehire Weitzman and reassigned her to teach second grade as a "team teacher" at a different school in Melrose Park, Illinois. (*Id.* ¶ 5.) Weitzman was not the only principal District 89 decided not to rehire. According to the Complaint, District 89 did not rehire eight other principals, all of whom were over 40 years old, and replaced the principals with younger hires. (*Id.* ¶¶ 11-13.)

On August 13, 2012, Weitzman filed an age discrimination charge with the EEOC. (*Id.* ¶ 14, Ex. A.) Weitzman's EEOC complaint states that she was "demoted and then discharged," "replaced by a younger less qualified individual," and "discriminated against because of age." (*Id.* Ex. A.) On November 15, 2012, the EEOC issued Weitzman a "right to sue" letter. (Compl. Ex. B.) On February 14, 2013, one day after the 90-day limitation period expired, Weitzman filed her Complaint in this court.[1] (Compl.)

Members of District 89's board have testified that they discussed the decision not to renew the eight principals' contracts during closed session meetings on November 10, 2011, December 21, 2011, January 12, 2012, January 30, 2012, and April 19, 2012. (Dkt. 41, Ex. 7, at 30:4-33:11; Ex. 8, 29:9-31:4.)[2] Under Illinois law, District 89 is required to tape record any

---

[1] Defendants have not raised a statute of limitations defense.

[2] District 89's response (Dkt. No. 54) incorporates by reference its Rule 56.1 Statement of Undisputed Facts in Support of Summary Judgment (Dkt. No. 47) and all of its exhibits.

board meetings held in a closed session, including the five meetings held between 2011 and 2012 ("Board Recordings"). 5 ILCS 120/2.06(a). Illinois law also requires District 89 to maintain the Board Recordings for at least 18 months, after which time the recordings may be destroyed. *Id*. § 2.06(c). Although Weitzman filed an EEOC charge on August 13, 2012 and filed the instant lawsuit on February 14, 2013, District 89 adhered to its destruction schedule and destroyed the relevant Board Recordings between May and October of 2013. (Dkt. No. 56 at 1.)

Weitzman argues that District 89 should be sanctioned with an adverse inference for destroying the Board Recordings long after Weitzman filed her EEOC charge and the instant lawsuit. (Dkt. No. 56 at 1.)

## LEGAL STANDARD

A court may impose discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) after the violation of a court order or under its own "inherent power to impose sanctions for the abuse of the judicial system, including the failure to preserve or produce documents." *Northington v. H & M Int'l,* No. 08-6297, 2011 WL 663055, at * 12 (N.D. Ill. Jan. 12, 2011) (Mason, M.J.); *see also Barnhill v. United States,* 11 F.3d 1360, 1367 (7th Cir. 1993) (stating that this power stems from a court's authority to manage its own affairs). The analysis is the same under either standard. *Danis v. USN Commn'cs, Inc.,* No. 98-7482, 2000 WL 1694325, at *30 (N.D. Ill. Oct. 20, 2000) (Schenkier, M.J.).

When a party first reasonably foresees that litigation is on the horizon, it must suspend its ordinary policies governing how information is retained or destroyed and put into place a litigation hold to preserve relevant material. *Krumwiede v. Brighton Assocs., L.L.C.,* No. 05-3003, 2006 WL 1308629, at *8 (N.D. Ill. May 8, 2006) (Ashman, M.J.) (citing *Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 218 (S.D.N.Y. 2003)). This extends to all evidence that is

3

discoverable under Federal Rule of Civil Procedure 26. *Wiginton v. Ellis,* No. 02-6832, 2003 WL 22439865, at *4 (N.D. Ill. Oct.27, 2003) (Andersen, J.).

In analyzing whether sanctions are appropriate, a court looks to three factors: (1) the existence of a breach of the duty to preserve or produce documents; (2) the level of culpability for the breach; and (3) the prejudice that results from the breach. *Danis,* 2000 WL 1694325, at *31. Sanctions can be imposed on a finding of bad faith, willfulness, or fault, *Brandt v. Vulcan, Inc.,* 30 F.3d 752, 756 (7th Cir. 1994), and are proper only when a party knew or had reason to know that litigation was on the horizon, *Trask–Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008).

Fault can suffice for less harsh sanctions, but bad faith is required for a severe sanction such as dismissal or an adverse inference. *Norman–Nunnery v. Madison Area Tech. Coll.,* 625 F.3d 422, 428 (7th Cir. 2010) ("In order to draw an inference that the missing documents contained information adverse to the defendants, [Plaintiff] must demonstrate that the defendants intentionally destroyed the documents in bad faith."). The crucial element is not whether a party failed to preserve documents, but the reason the documents were destroyed. *Faas v. Sears, Roebuck & Co.,* 532 F.3d 633, 644 (7th Cir. 2008).

In this context, bad faith means "destruction for the purpose of hiding adverse information." *Mathis v. John Morden Buick, Inc.,* 136 F.3d 1153, 1155 (7th Cir.1998). This can be shown by conduct that is either intentional or reckless. *See, e.g., Long v. Steepro,* 213 F.3d 983, 987 (7th Cir.2000) (stating that "willfulness and bad faith are associated with conduct that is intentional or reckless"); *Rosenthal Collins Group, LLC v. Trading Technologies Int'l, Inc.,* No. 05-4088, 2011 WL 722467, at *11 (N.D. Ill. Feb. 23, 2011) (Coleman, J.) (finding that severe sanctions require only gross negligence or recklessness).

ANALYSIS

The factors this court must consider in analyzing whether sanctions in this case are appropriate establish that District 89 should be sanctioned for its conduct. District 89 had a duty to maintain the Board Recordings and breached its duty. District 89 destroyed the Board Recordings in bad faith and Weitzman has suffered substantial prejudice as a result of District 89's actions.

1. <u>District 89's Breach of Its Duty to Retain the Board Recordings</u>

District 89 had a duty to retain and produce the Board Recordings, because they were clearly relevant to this action and discoverable.[3] District 89 board members have admitted they discussed not renewing the incumbent principals' contracts at the meetings recorded on the Board Recordings. (Dkt. 41, Ex. 7, at 30:4-33:11; Ex. 8, 29:9-31:4.) District 89 also concedes that "any information contained on the verbatim recordings must be construed as evidence of the process the [b]oard undertook in deciding it would not retain all of the principals." (Def's Resp. at 15.) Given these admissions, it is obvious that the Board Recordings may have been the best evidence Weitzman could have obtained on why District 89 chose not to renew her contract.

District 89 is mistaken that, because it had not received adequate notice of this obligation, it had no duty to preserve the Board Recordings. (Def's Resp. at 5-7.) The Board Recordings were destroyed between May 2013 and October 2013. Prior to that destruction, Weitzman had filed her EEOC Charge in August 2012 and her Complaint in February 2013. As discussed above, both of Weitzman's filings explicitly complained that District 89 violated Weitzman's

---

[3] Under Federal Rule of Evidence 401, evidence is relevant if "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Federal Rule of Civil Procedure 26 entitled Weitzman to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" in this action.

ADEA rights by demoting her on the basis of age. Weitzman's filings were sufficient to inform District 89 of its obligation to suspend its ordinary document destruction policies and put into place an effective litigation hold. *Krumwiede*, 2006 WL 1308629, at *8.

2. <u>District 89's Bad Faith In Breaching the Duty to Retain the Board Recordings</u>

District 89's failure to suspend normal document destruction policies, for closed session board meetings, was a bad faith breach of its discovery obligations. Other judges of this district court have held that a party's failure to halt document destruction policies, leading to the destruction of relevant material is evidence of bad faith. *See, e.g., Pillay v. Millard Refrigeration Servs.*, No. 09-5725, 2013 WL 2251727, at *3 (N.D. Ill. May 22, 2013) (Lefkow, J.); *Buonauro v. City of Berwyn*, No. 08-6687, 2011 WL 3754820, at *7, *11-*12 (N.D. Ill. Aug. 25, 2011) (Ashman, M.J.).

In his well-reasoned opinion, now-deceased Magistrate Judge Martin Ashman found that the defendant's bad faith was proven by the fact, as is the case here, that multiple recordings were destroyed as Illinois' statutory 18-month preservation period elapsed for each. *Id.* at *11. Even if the failure to preserve one recording could be construed as something less than bad faith, the continued failure to preserve several recordings cannot. *Id.* This is especially true considering District 89 has offered little explanation of the facts surrounding the Board Recordings' destruction. *Id.*

The deposition testimony of District 89's Superintendent of Schools Dr. Michael Robey further undermines the contention that the Board Recordings were innocently destroyed. Dr. Robey testified at his deposition that even before he made the final decision about which principals not to retain, he was saving materials, and he saved his notes of his interview with Weitzman, because he knew "there was potentially a fight coming." (Dkt. No. 41, Ex. 9, at

68:22-69:4.) Given Dr. Robey and District 89's awareness of potential legal challenges concerning this matter, the court finds it highly unlikely that probative items of evidence, as potentially important as the Board Recordings, were unknowingly or innocently deleted.

3. The Prejudice Weitzman Suffered from District 89's Breach of Its Duty

Weitzman has suffered prejudice as a result of District 89's destruction of the Board Recordings. Specifically, Weitzman now lacks the ability to present to the jury the recorded evidence of the board's discussion about why the incumbent principals' contracts, including her own contract, were not renewed. Weitzman, consequently, cannot present any discrepancy between District 89's positions in this litigation and what District 89's board members said in the pertinent closed door meetings. Indeed, the very reason the Board Recordings were made was to capture and preserve as evidence what the board members said in making board decisions. To destroy that evidence after it is clear the reasons for the board's decisions were going to be questioned in litigation raises the inference that what District 89's board members said was adverse to District 89's litigation interests.

Accordingly, the court finds that a sanction of an adverse inference is the appropriate sanction for District 89's bad faith conduct. The court concludes that Weitzman is entitled to the inference that, if the Board Recordings were available, they would contain evidence favorable to her in this case and adverse to District 89's case in this litigation.

## CONCLUSION

For the above reasons, Weitzman's motion for sanctions for spoliation of evidence [37] is granted. The record in this case establishes that District 89 should be sanctioned by an adverse inference for its bad faith conduct. District 89 had a duty to maintain the Board Recordings, which were clearly relevant, and District 89 had notice of its duty well before it destroyed the

7

recordings. District 89 destroyed the Board Recordings in bad faith when it did not suspend its usual document destruction policies. Plaintiff Weitzman has suffered substantial prejudice as a result of District 89's actions because she has been deprived of perhaps the best evidence concerning District 89's real reasons for her termination.

That is why as a sanction for District 89's destruction of evidence, an inference will be drawn that the destroyed recordings of the District 89's board's meetings contained evidence adverse to District 89's interest in this litigation. The details of the scope of the adverse inference and the exclusion of further evidence related thereto will be evaluated when, and if, this case proceeds to trial.

Regarding other pretrial matters, Defendant's pending motion for summary judgment [39] is denied. In light of the adverse inference against District 89, the material facts as to Districts 89's reasons for terminating Weitzman are, at a minimum, disputed. When the adverse inference is evaluated under the summary judgment standard, the material facts tend to support Weitzman's claim of discrimination. The parties are strongly encouraged to discuss settlement.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

Date: August 29, 2014